UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A WOMAN'S CONCERN, INC. D/B/A YOUR OPTIONS MEDICAL CENTERS,<br><br>                Plaintiff,<br><br>        v.<br><br>MAURA HEALEY, GOVERNOR OF MASSACHUSETTS, sued in her individual and official capacities; and ROBERT GOLDSTEIN, COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH, sued in his individual and official capacities; and REPRODUCTIVE EQUITY NOW FOUNDATION,<br><br>                Defendants. | CIVIL ACTION<br>NO. 1:24-cv-12131 |

**STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**
**<u>FOR FAILURE TO STATE A CLAIM</u>**

1

Your Options Medical concedes in its opposition that "[g]overnment officials may speak freely," and that state governments may, consistent with the First Amendment, "set up a hotline, issue warnings, or investigate fraud." Opp'n at 1, 14. That is exactly the speech at issue here. Your Options Medical's complaint alleges: speech by government officials that is critical of anti-abortion centers, *e.g.*, Compl. ¶¶ 67-71; a reminder to state-licensed providers to comply with their neutral and generally applicable legal obligations, *id.* ¶¶ 61-63; and state efforts to enable the public to make complaints about harm they have suffered at anti-abortion centers, *id.* ¶¶ 59, 75. This speech is entirely permissible under the First Amendment, and the Equal Protection Clause, and Your Options Medical's complaint should be dismissed.

**I.      The Complaint Does Not State a Third-Party Coercion Claim.**

This case is fundamentally different from *National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024), and *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963). The First Amendment claims in those cases were based on public officials' threats of adverse government action against third parties to compel those parties to punish or suppress the plaintiffs' speech. *See Vullo*, 602 U.S. at 180 (citing *Bantam Books* for the proposition that "a government entity's threat of invoking legal sanctions and other means of coercion against a third party to achieve the suppression of disfavored speech violates the First Amendment" (internal quotation marks omitted)). Here, the complaint does not plausibly allege that any of the state Defendants has threatened adverse government action against any third parties to compel them to punish or suppress Your Options Medical's speech. *See Vullo*, 602 U.S. at 191 (third-party coercion claim requires "conduct that, viewed in context, could be reasonably understood to convey a threat of adverse government action in order to punish or suppress the plaintiff's speech").

There are no allegations in the complaint that the public education campaign threatens members of the public with adverse government action if they visit anti-abortion centers, nor does

1

the Department of Public Health (the "Department") have regulatory authority over the public at large. *See Vullo*, 602 U.S. at 187 (public official "was free to criticize the NRA");[1] *see also Nat'l Inst. of Family and Life Advocates v. Becerra*, 585 U.S. 755, 775 (2018) ("obviously" state could use "public information campaign" to inform public that anti-abortion centers do not provide comprehensive reproductive healthcare and to direct patients to clinics that do).

Nor does the complaint allege that Commissioner Goldstein, or the Department, has threatened licensed providers with adverse consequences if they continue to work with anti-abortion centers. *See Vullo*, 602 U.S. at 180-81 (complaint stated First Amendment claim where alleged that public official "threaten[ed] enforcement actions against those entities that refused to disassociate from the NRA and other gun-promotion advocacy groups"); *Backpage.com LLC v. Dart*, 807 F.3d 229, 231, 234 (7th Cir. 2015) (public official had First Amendment right to "express his distaste for Backpage and its look-alikes" but letter to credit card companies demanding they "immediately cease and desist from allowing your credit cards to be used to place ads on websites like Backpage.com" violated the First Amendment).

Commissioner Goldstein's guidance memorandum directed at licensed health care facilities and providers was not plausibly a "directive" to those entities not to work at or with anti-abortion centers. *See Vullo*, 602 U.S. at 183, 191 (complaint stated First Amendment claim where it alleged public official told insurance company executives at meeting that agency would ignore companies' regulatory violations if companies stopped providing insurance to gun groups). Rather,

---

[1] The *Vullo* Court described the four factors Your Options Medical cites in its opposition as a "useful, though nonexhaustive, guide" to determine whether the government has coerced a third party to violate the plaintiff's First Amendment rights. *Vullo*, 602 U.S. at 191 ("Considerations like who said what and how, and what reaction followed, are just helpful guideposts in answering the question whether an official seeks to persuade or, instead, to coerce."). Here, however, Your Options Medical has not alleged any third party that the state Defendants coerced to violate Your Options Medical's First Amendment rights.

2

in the wake of complaints the Department received about anti-abortion centers, the memorandum reminded licensed entities of generally applicable laws and regulations requiring them to accurately portray and advertise their services and to operate within the scope of their licenses. Commissioner Goldstein's memorandum informed licensees of the consequences for failing to comply with the conditions of their licenses. It did not plausibly suggest that licensees would be subject to consequences only if they continued to work at anti-abortion centers, or that they could avoid the consequences of any violation by disassociating from anti-abortion centers. *See Vullo*, 602 U.S. at 187 (government "was free to criticize the NRA and pursue the conceded violations of New York insurance law"). Indeed, Your Options Medical alleges that after a complaint was submitted to the Department about Your Options Medical, the Department found that Your Options Medical was in compliance with the Department's regulations, and took no action against their clinics. *See* Compl. ¶¶ 46-48; *cf. Vullo*, 602 U.S. at 183 (complaint alleged public official told insurance companies agency would focus enforcement action only on companies that continued to do business with NRA). These allegations refute any claim that the Department has used its regulatory authority to punish or suppress Your Options Medical's viewpoint.

Commissioner Goldstein's criticism of deceptive tactics used at anti-abortion centers as a "public-health threat"[2] is just that—criticism; it is not a plausible threat of adverse government action against anti-abortion centers generally, or Your Options Medical specifically. *See Vullo*, 602 U.S. at 187 (government is "free to criticize"); *Shurtleff v. City of Boston*, 596 U.S. 243, 251 (2022) (government may engage in "government speech . . . based on viewpoint"); *Pleasant Grove*

---

[2] *See* Compl. ¶ 71 ("As the commissioner of public health, I'm resolute about calling out this deception for what it is: a public health threat. When people are denied factual information and the freedom to make fully informed decisions about their reproductive health, it can lead to worse mental and physical outcomes.").

3

*City v. Summum,* 555 U.S. 460, 467-68 (2009) ("A government entity . . . is entitled to say what it wishes . . . and to select the views that it wants to express. Indeed, it is not easy to imagine how government could function if it lacked this freedom." (citations and internal quotation marks omitted)). This is especially so because most anti-abortion centers are not licensed health care facilities that are regulated by the Department, and thus cannot be subject to adverse government action by the Department when they deceive or mislead patients visiting their centers. *See* Doc. 1-3 at 8 ("most crisis pregnancy centers are not licensed medical facilities or staffed by licensed doctors or nurses" and thus "are not required to follow codes of ethics or standards of care that govern healthcare"). Likewise, the Massachusetts Consumer Protection Act does not apply to unfair or deceptive acts or practices outside of trade or commerce. *See Planned Parenthood Fed'n of Am., Inc. v. Problem Pregnancy of Worcester, Inc.*, 398 Mass. 480, 493 (1986) (concluding Chapter 93A did not apply to anti-abortion center offering free services aligned with its mission). The Commonwealth's regulatory tools to protect pregnant persons in Massachusetts from deceptive and harmful practices at anti-abortion centers are limited, making its efforts to educate and warn the public even more critical.

Nor is the solicitation of complaints from members of the public who have been harmed by anti-abortion centers a "threat" against Your Options Medical based on Your Option's Medical's viewpoint. Any complaint submitted by a member of the public is itself protected speech, *see, e.g.*, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("Certainly the right to petition extends to all departments of the Government."), and there are no allegations that the Department has threatened or coerced the public to submit complaints about anti-abortion centers. The First Amendment certainly does not require that states discourage the public from engaging with their government when they have been harmed, or require that states make it difficult to submit complaints. Thus, because there are no allegations that the state

4

Defendants threatened or coerced any third party to punish or suppress Your Options Medical's speech, the complaint fails to plausibly allege a third-party coercion First Amendment claim.

## II. The Individual Capacity Claims Should Be Dismissed.

Finally, Your Options Medical's opposition makes clear that the claims against Governor Healey and Commissioner Goldstein in their individual capacities must be dismissed on qualified immunity grounds. Your Options Medical's only claim of "clearly established" law depends on *Vullo* and *Bantam Books*, Opp'n at 20, but as explained above, Your Options Medical has not plausibly alleged a First Amendment claim under those cases against any state Defendant, much less against Governor Healey or Commissioner Goldstein.

## CONCLUSION

For these reasons, and those described in detail in the state Defendants' memorandum in support of their motion to dismiss, the Court should dismiss the complaint.

> Respectfully submitted,
>
> MAURA HEALEY, Governor of Massachusetts, and ROBERT GOLDSTSTEIN, Commissioner of the Massachusetts Department of Public Health,
>
> By their attorneys,
>
> ANDREA JOY CAMPBELL
> ATTORNEY GENERAL
>
> */s/ Phoebe Fischer-Groban*
> Phoebe Fischer-Groban, BBO No. 687068
> Deborah J. Frisch, BBO No. 693847
> Meredith G. Fierro, BBO No. 696295
> Assistant Attorneys General
> Government Bureau
> One Ashburton Place
> Boston, MA 02108
> (617) 963-2589
> Phoebe.Fischer-Groban@mass.gov

5

## **CERTIFICATE OF SERVICE**

I certify that this document, filed through the Court's ECF, system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) on January 17, 2025.

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban
Assistant Attorney General
