UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A WOMAN'S CONCERN, INC. d/b/a YOUR OPTIONS MEDICAL CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY, Governor of Massachusetts, sued in her individual and official capacities; ROBERT GOLDSTEIN, Commissioner of the Massachusetts Department of Public Health, sued in his individual and official capacities; REPRODUCTIVE EQUITY NOW FOUNDATION, INC., REBECCA HART HOLDER, EXECUTIVE DIRECTOR OF REPRODUCTIVE EQUITY NOW FOUNDATION, INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:24-cv-12131-LTS |

**PLAINTIFF'S NOTICE OF ADDITIONAL INFORMATION**

Plaintiff A Woman's Concern, Inc. d/b/a Your Options Medical Centers ("YOM"), submits this Notice to the Court. In both Plaintiff's Memorandum of Law in Opposition to REN Defendants' Motion to Dismiss (ECF No. 37) and Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to State Defendants' Motion to Dismiss (ECF No. 50), Plaintiff explained that the Complaint's allegations suffice to state claims for relief and establish standing. Plaintiff also requested that, if the Court disagrees, Plaintiff YOM be granted leave to amend.

Plaintiff YOM submits this Notice to advise the Court that, as a result of a public records request submitted to the Massachusetts Department of Public Health ("DPH") pursuant to the Massachusetts Public Records Act in June 2024 – prior to the filing of this litigation (August 2024) – Plaintiff YOM has now obtained additional information, much of which was just obtained on

1

Monday, April 28, 2025, from the Commonwealth of Massachusetts concerning the conduct of the Defendants. This new information is directly relevant to Plaintiff's claims and would bolster its existing allegations and allow it to add additional allegations to support its claims.

For the Court's awareness:

• The Public Records Request was filed on June 20, 2024;

• The scope of that request was modified in July of 2024;

• On July 22, 2024, DPH sent a letter identifying 2,156 responsive records, totaling 9,282 pages, and a cost estimate of $5,700.00.

• A fee waiver was requested in August 2024, but denied, and the $5,700 fee was paid in September 2024.

• Despite receiving assurances on November 19, 2024 that records would be produced soon, no records were provided until

• December 26, 2024, at which time DPH produced its first set of responsive records, consisting of 47 pages and indicated that it had "approximately 2100 records (totaling 8,861 pages)."

• On February 24, 2025, after no more records or communication were received from DPH, Plaintiff's counsel sent a letter to DPH reminding them of the law, that the fee had been paid, and that they had well exceeded the statutory response deadline. In addition, counsel advised that if the requested records were not provided by March 5, 2025, they would commence an action in the Superior Court pursuant to G.L. c. 66 §10A.

• A second production from DPH was provided on February 28, 2025, consisting of 321 pages. Counsel reiterated its intent to file suit if the remaining documents were not provided by March 5, 2025.

- DPH then indicated that it believed it had 2,500 documents remaining responsive to one of the records request, and proposed three further rolling productions a timeframe of "on or around" March 21st, April 4th, and April 18th, as the dates it would produce those remaining documents. Plaintiff's counsel agreed.

- On March 21, DPH produced 171 documents (565 pages).

- On April 4, 2025, DPH produced 265 documents (1,540 pages).

- On Monday, April 28, 2025, DPH produced the final installment consisting of 4,863 pages.

The information uncovered through this public records request, most of which was not received until this week, is directly related to the joint conduct of the Defendants, Defendant Reproductive Equity Now's participation in the State Defendants' campaign, and the Defendants' recognition that their conduct targeted religious pregnancy resource centers because of their beliefs and messages.

Plaintiff is mindful and respectful of the fact that this Court has rescheduled the hearing on the Defendants' Motions to Dismiss for May 8, 2025 (ECF No. 57). Seeking to respect the time of both the Court and the Defendants, Plaintiff has not yet filed a Motion to Amend its Complaint. None of Plaintiff's central allegations or legal arguments have changed; rather, the newly obtained records responsive to this public records request contain facts and details shedding additional light on Plaintiff's already submitted and properly alleged claims.

Plaintiff submits this Notice to advise the Court of the existence of these facts prior to the hearing. Plaintiff stands prepared to amend its Complaint if the Court deems it necessary, even while the Plaintiff maintains that the allegations advanced in its initial complaint are sufficient to allow the case to proceed to discovery.

        Respectfully submitted,

        YOUR OPTIONS MEDICAL

        By counsel,

        OLIVIA F. SUMMERS*
        /s/ Olivia F. Summers
        (D.C. Bar No. 1017339)

        ANDREW EKONOMOU*
        (GA Bar No. 242750)
        CHRISTINA (STIERHOFF) COMPAGNONE*
        (D.C. Bar No. 1657929)
        NATHAN MOELKER*
        (VA Bar No. 98313)

        THE AMERICAN CENTER FOR LAW & JUSTICE
        201 Maryland Avenue, NE
        Washington, D.C. 20002
        Telephone: (202) 546-8890
        Facsimile: (202) 546-9309
        osummers@aclj.org

        SAMUEL J. WHITING
        MASSACHUSETTS LIBERTY LEGAL CENTER
        (Massachusetts Bar No. 711930)
        sam@mafamily.org

        *Appearing Pro Hac Vice

Dated May 1, 2025

**CERTIFICATE OF SERVICE**

  I, Olivia F. Summers, hereby certify that on May 1, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of this filing to all registered participants. Paper copies will be sent to those indicated as non-registered participants.

                   /s/ Olivia F. Summers
                   Olivia F. Summers