# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                    SUPERIOR COURT
                                                                  CIVIL ACTION
                                                                  No. 2481CV01789

A WOMAN'S CONCERN, INC.

vs.

COMMONWEALTH OF MASSACHUSETTS BOARD
OF REGISTRATION IN MEDICINE

## ORDER REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT'S COUNTERCLAIM FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENA

The plaintiff, A Woman's Concern, Inc. ("AWC"), filed a Complaint and a motion seeking to enjoin the Defendant, the Commonwealth of Massachusetts Board of Registration in Medicine (the "Board"), from enforcing a subpoena issued to AWC on June 5, 2024. The Board opposes the motion for injunctive relief, and counterclaims for an order compelling compliance with the investigative subpoena. The court conducted a hearing on July 22, 2024, at which counsel for both parties appeared.[1]

To obtain preliminary injunctive relief, "a plaintiff must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiff's likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction." *Tri-Nel Mgmt., Inc. v. Board of Health of Barnstable*, 433 Mass. 217, 219 (2001). When a party seeks to enjoin governmental action, as is the case here, the court must also consider whether the relief sought will adversely affect the public. *Tri-Nel Health Management, Inc. v. Board of Health Barnstable*, 433 Mass. 217, 219 (2001).

Dr. Doe is AWC's Medical Director. The Board commenced its investigation of Dr. Doe in October 2023 after receiving a complaint from the Executive Director for an organization identified as "Complainant A." The Board reports that it is investigating Dr. Doe due to Complainant A's allegations that Doe is engaging in deceptive practices and permitting "out-of-scope diagnoses" by registered nurses. The Board argues that the subpoena at issue is narrowly tailored and that the requested records are needed to fully investigate Dr. Doe. AWC asserts that the Massachusetts Department of Public Health ("DPH") inspected all its medical clinics as late as February 2024, and concluded that its facility was in compliance with DPH's regulations and

---

[1] At the hearing, the parties agreed to impound Exhibits A, D, and H, appended to AWC's Complaint. The parties also agreed to identify the physician who is the subject of the Board's investigation by the pseudonym "John Doe, M.D" or "Dr. Doe." At the hearing, the court allowed both the Board's motion to impound Exhibits L through T, appended to its opposition and counterclaim, and its request to identify the complainant as "Complainant A" and Complainant A's Executive Director as "Complainant A's Executive Director", for a period of ten (10) days, to allow AWC time to file, if it so chose, an opposition to the Board's request.

1

that any identified deficiencies were corrected. AWC argues, among other things, that it responded to the Board's first subpoena, dated December 21, 2023, and challenges the Board's subpoena dated June 5, 2024, on several grounds, including relevancy, overbreadth, and that it is unduly burdensome. AWC also asserts that the investigation is unfounded because it is predicated on a single complaint brought by an adversary organization, as opposed to a patient, and because the investigation is politically motivated.

The narrow issue before the court is whether to enjoin or require enforcement of the administrative subpoena issued to AWC on June 5, 2024. Under G. L. c. 112, § 5, the Board is responsible for regulating the practice of medicine in Massachusetts to protect the health, welfare, and safety of the public. See *Levy v. Board of Registration in Medicine*, 378 Mass. 519, 524 (1979). In this regard, the Board has promulgated regulations governing the discipline of physicians. See generally, 243 Code Mass. Regs. § 1. "The board has broad authority to regulate the conduct of the medical profession...." *Sugarman v. Board of Registration in Medicine*, 422 Mass. 338, 342 (1996). Its authority "is not limited to disciplining conduct involving direct patient care, criminal activity, or deceit." *Id.* at 343. Only in rare instances should courts interfere with ongoing matters within the province of an administrative board such as the Board. *Gill v. Board of Registration of Psychologists*, 399 Mass. 724, 726 (1987).

Against this backdrop, the court concludes the plaintiff has failed to establish a likelihood of success on the merits. Having reviewed the subpoena at issue (Exhibit G), the court finds that the documents sought are relevant to the Board's investigation and do not exceed the scope of its authority under G. L. c. 112, § 5, or its regulations. The subpoena is neither overbroad in its request nor unduly burdensome, and AWC does not assert a claim of privilege. It is well settled that a preliminary injunction is a significant remedy that should not be granted unless the moving party has made a clear showing of entitlement thereto. *Student No. 9 v. Board of Educ.*, 440 Mass. 752, 762 (2004); *Packaging Indus. Grp. Inc. v. Cheney*, 380 Mass. 609, 617 (1980). AWC has not met its burden. Because the plaintiff has failed to show that it will likely prevail in its claim for permanent injunctive relief, the court need not address the questions of irreparable harm and whether the relief sought will adversely affect the public. *Wilson v. Comm'r of Transitional Assistance*, 441 Mass. 846, 858 (2004) (citation omitted).[2]

---

[2] The court does have some concerns, however, about the Board initiating an investigation of a duly licensed physician based upon a complaint from an organization with interests demonstrably adverse to AWC. On the record as it presently exists, however, judicial interference in the Board's investigation is unjustified. The court nevertheless expects the Board to act as an independent administrative agency and to maintain confidentiality during the investigation in accord with the relevant statutory and regulatory mandates.

For the above reasons, it is **ORDERED**:

1. The plaintiff's motion for a preliminary injunction is **DENIED**; and
2. The defendant's counterclaim for an order compelling compliance with the investigative subpoena issued on June 5, 2024, which the court treats as a motion, is **ALLOWED**.

/s/ William F. Bloomer

William F. Bloomer
Justice of the Superior Court
Date: August 2, 2024