UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A WOMAN'S CONCERN, INC. D/B/A YOUR OPTIONS MEDICAL CENTERS,<br><br>      Plaintiff,<br><br>      v.<br><br>MAURA HEALEY, GOVERNOR OF MASSACHUSETTS, sued in her individual and official capacities; and ROBERT GOLDSTEIN, COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH, sued in his individual and official capacities; and REPRODUCTIVE EQUITY NOW FOUNDATION,<br><br>      Defendants. | CIVIL ACTION<br>NO. 1:24-cv-12131 |

**STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Your Options Medical's disagreement with the State Defendants' speech, and its perception that any government criticism of anti-abortion centers, public education about anti-abortion centers, or efforts to ensure anti-abortion centers comply with regulations protecting patients in the Commonwealth, is a "threat" to Your Options Medical specifically, do not give rise to a cognizable First Amendment claim. The government speech in this case is entirely permissible under the First Amendment and the Equal Protection Clause, and Your Options Medical's Amended Complaint should therefore be dismissed.

**I.     The Complaint Does Not Allege Any State Statutes, Regulations, or Actions Chilling Its Speech.**

An alleged "chilling" effect alone, absent any state statute, regulation, policy, or action, is insufficient to state a First Amendment claim. *See* Opp'n at 6-8.[1] Nowhere in the Amended Complaint does Your Options Medical allege that the Department has taken any adverse enforcement action against it. The only allegations of any government conduct specific to Your Options Medical are the Department's "review" of Your Options Medical's advertising in response to a REN complaint, and a follow-up letter to Your Options Medical informing it that its facilities are in full compliance with the Department's regulations. Am. Compl. ¶¶ 48-52; Doc. 64-3 at 1. And while Your Options Medical alleges it has received document subpoenas related to a Board of Registration in Medicine investigation into the physician who volunteers as Your Options Medical's medical director, neither that physician, nor the Board conducting the investigation pursuant to its statutory mandate to do so, are parties to this case. *See* Am. Compl. ¶¶ 52-56. And

---

[1] *Compare Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 822-23 (1995) (denial of funds to student publications expressing certain viewpoints); *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 386 (1988) (statute prohibiting booksellers from displaying sexually explicit material to juveniles); *Bates v. City of Little Rock*, 361 U.S. 516, 517-518 (1960) (municipal requirement that organizations furnish membership lists); *Aebisher v. Ryan*, 622 F.2d 651, 652-54 (2d Cir. 1980) (letters of reprimand for speaking to press).

1

Your Options Medical makes no non-conclusory allegations that the issuance of these document subpoenas to Your Options Medical was plausibly an attempt to chill Your Options Medical's anti-abortion speech.

## II. The Amended Complaint Fails to Allege Any Threats of Adverse Government Action Against Your Options Medical Center.

Your Options Medical's theory that the State Defendants have threatened adverse government action to suppress its speech fares no better. Your Options Medical's Amended Complaint does not plausibly allege that the State Defendants have coerced any third party to suppress Your Options Medical's anti-abortion speech. This case is therefore fundamentally different from *National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024), where the government coerced insurers to cut ties with NRA to suppress pro-gun advocacy, and *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), where the government coerced book distributors to stop selling "objectionable" publications. Your Options Medical's reliance on these cases, and *Vullo*'s four-factor test for third-party coercion, therefore misses the mark.[2]

Your Options Medical has also failed to plausibly allege any direct government threats to it. The only government speech in the Amended Complaint actually directed to Your Options Medical, the Department's February 2024 letter, Doc. No. 64-3 at 1, explicitly informed Your Options Medical that it would *not* face any adverse regulatory consequences. Thus, the only government speech alleged in the Amended Complaint in which a State Defendant spoke directly

---

[2] The *Vullo* Court described the four factors Your Options Medical cites in its opposition as a "useful, though nonexhaustive, guide" to determine whether the government has coerced a third party to violate the plaintiff's First Amendment rights. *Vullo*, 602 U.S. at 191 ("Considerations like who said what and how, and what reaction followed, are just helpful guideposts in answering the question whether an official seeks to persuade or, instead, to coerce."). Here, however, Your Options Medical offers no well-pled, non-conclusory, facts plausibly demonstrating that the State Defendants coerced any third party to violate Your Options Medical's First Amendment rights.

to Your Options Medical in its role as Your Options Medical's regulator, clearly told Your Options Medical that: (1) its facilities were in compliance with the Department's regulations, including its regulations governing advertising, *see* Am. Compl. ¶ 50, and (2) there would be no regulatory, or any other, consequences for Your Options Medical. Doc. No. 64-3 at 1.

The remainder of the speech alleged in the Amended Complaint addresses anti-abortion centers generally, the vast majority of which are not subject to state regulation.[3] This speech is neither directed to, nor targeted at, Your Options Medical. And the Department's lack of regulatory oversight over most anti-abortion centers—and inability to take any regulatory action against those anti-abortion centers to protect patients—is precisely why the Department must be able to educate the public to fulfill its responsibility to safeguard public health.

Commissioner Goldstein's use of the phrase "public health threat" in a public statement to describe deception at anti-abortion centers did not cross the line from permissible criticism to a threat of some unspecified adverse consequence for Your Options Medical specifically simply because it contained the word "threat." *See* Am. Compl. ¶ 80; *Vullo*, 602 U.S. at 188 ("A government official can share her views freely . . . and she can do so forcefully in the hopes of persuading others to follow her lead."). There are no allegations whatsoever that Your Options Medical was actually threatened with any adverse regulatory action in connection with the Commissioner's use of this phrase. *See id.*[4]

---

[3] Unlike Your Options Medical, most anti-abortion centers in the Commonwealth are not licensed by the Department because they do not provide any ambulatory medical services, such as diagnosing a pregnancy or performing an ultrasound, and are prohibited from providing those services. ECF No. 64-3 at 10 (26 of 30 anti-abortion centers in the state are not subject to Department licensure; *id.* at 13 (describing requirements for clinic licensure by the Department).

[4] Your Options Medical's disagreement with the Commissioner's statement that an anti-abortion center's deception of a pregnant person would threaten that person's health does not give rise to a First Amendment claim. *See Pleasant Grove City, UT v. Summum*, 555 U.S. 460, 468

(footnote continued)

3

The same is true for Governor Healey's statement that the public education campaign aimed to "protect[] patients from the deceptive and dangerous tactics that anti-abortion centers often use." Am. Compl. ¶ 77. Far from coercion, this criticism is classic government speech. It conveys a negative view of how many anti-abortion centers operate, but it does not offer *a quid pro quo* or threaten regulatory consequences to induce silence. *Compare Bantam Books*, 372 U.S. at 68 (dozens of notices sent directly to specific distributor were "phrased virtually as orders" to stop distributing book titles or face criminal prosecution and were followed by police visits); *Vullo*, 602 U.S. at 192 (public official's communications with insurance company executives in private meeting were "loud and clear" that company could avoid liability if it terminated its business relationships with gun groups); *Backpage.com LLC v. Dart*, 807 F.3d 229, 231, 234 (7th Cir. 2015) (public official sent letter to specific credit card companies demanding they "immediately cease and desist from allowing your credit cards to be used to place ads on websites like Backpage.com").[5]

There is simply no plausible basis to recast the Department's public education campaign as government coercion of Your Options Medical. Directed at the public, not anti-abortion centers, the campaign is designed to educate and warn pregnant people about the limited scope of services

---

(2009). ("If every citizen were to have a right to insist that no one paid by public funds express a view with which he disagreed . . . the process of government as we know it [would be] radically transformed." (internal quotation marks omitted)). Nor must the state make an "official state finding" to support a public statement, or provide "supportive evidence" when it makes a public statement. *See* Opp'n at 15.

[5] Your Options Medical's complaint that it was "still being publicly portrayed as deceptive and dangerous" after it "was investigated by the State and fully cleared of any wrongdoing," Opp'n at 15, underscores first that the Department did not threaten or coerce Your Options Medical, and second, that ultimately Your Options Medical's claim in this case is a defamation claim, not a cognizable First Amendment claim. As explained in detail in the State Defendants' memorandum in support of their motion to dismiss, Doc. No. 71, Your Options Medical has no defamation claim against the State Defendants as a matter of law.

4

at the centers. No aspect of the public education campaign plausibly suggests a *quid pro quo* to third parties, or a threat of adverse regulatory action against anti-abortion centers generally—as noted above, the Department lacks regulatory authority over most anti-abortion centers in the Commonwealth—or Your Options Medical specifically. The Department had already directly, and clearly, told Your Options Medical, one of the few anti-abortion centers licensed by the Department, that it was in compliance with the Department's regulations. Am. Compl. ¶ 50. *Compare Bantam Books*, 372 U.S. at 68 (notices "phrased virtually as orders" to stop distributing specific books sent directly to distributor, followed by police visits); *Vullo*, 602 U.S. at 192 (public official offered *quid pro quo* to company that it could avoid liability if it stopped doing business with NRA because of public official's disagreement with NRA's viewpoint); *Backpage.com*, 807 F.3d at 231 (public official sent letter directly to credit card companies demanding they stop doing business with Backpage.com). The Department's public education campaign does not plausibly support any claim that the State Defendants have threatened or coerced Your Options Medical to suppress, or punish, its anti-abortion speech.

### III.  The Individual Capacity Claims Should Be Dismissed.

Finally, Your Options Medical's opposition makes clear that the claims against Governor Healey and Commissioner Goldstein in their individual capacities must be dismissed on qualified immunity grounds. Your Options Medical's only claim of "clearly established" law depends on *Vullo* and *Bantam Books*, Opp'n at 25, but as explained above, Your Options Medical has not plausibly alleged a First Amendment claim under those cases against any State Defendant, much less against Governor Healey or Commissioner Goldstein.

### **CONCLUSION**

For these reasons, and those described in detail in the State Defendants' memorandum in support of their motion to dismiss, the Court should dismiss the Amended Complaint.

5

Respectfully submitted,

MAURA HEALEY, Governor of Massachusetts, and ROBERT GOLDSTEIN, Commissioner of the Massachusetts Department of Public Health,

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ Phoebe Fischer-Groban
Phoebe Fischer-Groban, BBO No. 687068
Deborah J. Frisch, BBO No. 693847
Meredith G. Fierro, BBO No. 696295
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2589
Phoebe.Fischer-Groban@mass.gov

## **CERTIFICATE OF SERVICE**

I certify that this document, filed through the Court's ECF, system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) on September 12, 2025.

>*/s/ Phoebe Fischer-Groban*
>Phoebe Fischer-Groban
>Assistant Attorney General