UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A WOMAN'S CONCERN, INC. d/b/a YOUR OPTIONS MEDICAL CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY, Governor of Massachusetts, sued in her individual and official capacities; ROBERT GOLDSTEIN, Commissioner of the Massachusetts Department of Public Health, sued in his individual and official capacities; REPRODUCTIVE EQUITY NOW FOUNDATION, INC., REBECCA HART HOLDER, EXECUTIVE DIRECTOR OF REPRODUCTIVE EQUITY NOW FOUNDATION, INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:24-cv-12131-LTS |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff A Woman's Concern, Inc. d/b/a Your Options Medical Centers ("YOM") submits this Notice of Supplemental Authority to bring to the Court's attention a highly relevant decision issued by the United States Court of Appeals for the Second Circuit subsequent to briefing in this matter: *National Institute of Family & Life Advocates v. James*, No. 24-2481-cv, 2025 U.S. App. LEXIS 31078 (2d Cir. Dec. 1, 2025) (hereinafter *NIFLA)*. In *NIFLA*, the Second Circuit panel affirmed unanimously an injunction that the district court issued against the Attorney General of New York to prevent her from restricting PRC speech related to abortion pill reversal (also known as "APR"). The *NIFLA* plaintiffs are non-profit, faith-based organizations similar to Your Options Medical ("YOM"), and like YOM[1] they provide pregnancy-related services and information about APR. Similar to the allegations against the Defendants here,[2] the New York Attorney General engaged in a campaign against the *NIFLA* plaintiffs, "targeting, chilling, and punishing" them for their speech – specifically their speech related to APR. *Id.* at 13 (citing record). The Court held: "We conclude that the district court did not abuse its discretion, based on the record at this stage of the litigation, in finding that the NIFLA plaintiffs were likely to succeed on their First Amendment claims because their speech at issue is noncommercial speech, and the Attorney General has not demonstrated that regulation of that speech would survive strict scrutiny." *Id.* at 32. *NIFLA v. James* provides direct precedent from a sister circuit addressing materially similar facts, legal issues, and First Amendment principles. The decision confirms that pro-life pregnancy resource centers' religiously motivated speech about abortion pill reversal is noncommercial speech entitled to strict scrutiny protection and that state efforts to regulate such speech based on viewpoint raise serious constitutional concerns.

---

[1] *See Amend. Compl.*, Dkt. 64 at ¶ 21.
[2] *See id.*, at ¶¶ 67, 71-72, 140, 179, 234, and 264.

1

2

          YOUR OPTIONS MEDICAL

          By counsel,

          OLIVIA F. SUMMERS*
          /s/ Olivia F. Summers
          (D.C. Bar No. 1017339)

          ANDREW EKONOMOU*
          (GA Bar No. 242750)
          CHRISTINA (STIERHOFF) COMPAGNONE*
          (D.C. Bar No. 1657929)
          NATHAN MOELKER*
          (VA Bar No. 98313)
          THE AMERICAN CENTER FOR LAW & JUSTICE
          201 Maryland Avenue, NE
          Washington, D.C. 20002
          Telephone: (202) 546-8890
          Facsimile: (202) 546-9309
          osummers@aclj.org

          SAMUEL J. WHITING
          MASSACHUSETTS LIBERTY LEGAL CENTER
          (Massachusetts Bar No. 711930)
          sam@mafamily.org

          *Appearing Pro Hac Vice

Dated December 8, 2025

## CERTIFICATE OF SERVICE

I, Olivia F. Summers, hereby certify that on December 8, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which will send notification of this filing to all registered participants. Paper copies will be sent to those indicated as non-registered participants.

/s/ Olivia F. Summers
Olivia F. Summers

3